NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------
THE TRAVELERS INDEMNITY      :
COMPANY,                                      :
                                                          :
                              Plaintiff,      :
                                                          :         Civ. No. 04-5699 (DRD)
             v.                                       :
                                                          :
                                                          :
DAMMANN & CO., INC., et. al,       :         **O P I N I O N**
                                                          :
                                                          :
                              Defendant.   :
---------------------------------------------------------

Frank E. Borowsky, Jr., Esq.
BOROWSKY & BOROWSKY, LLC
333 Broad Street
P.O. Box 8310
Red Bank, NJ 07701

*Attorney for Plaintiff*


Robert G. Rose, Esq.
PITNEY HARDIN, LLP
P.O. Box 1945
Morristown, NJ 07962-1945

*Attorney for Defendant International Flavors & Fragrances, Inc.*


Euegene R. Anderson, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020

*Attorney for Defendant Dammann & Co., Inc.*

1

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff, The Travelers Indemnity Company ("Travelers"), filed a complaint seeking a declaration of non-liability under two insurance policies which it issued to Defendant, Dammann & Co., Inc. ("Dammann"). Travelers contends that Defendant, International Flavors & Fragrances, Inc. ("IFF") should be a party to this action because it raised a justiciable controversy by seeking to collect from Dammann damages that it suffered when Dammann allegedly supplied it with contaminated vanilla beans. IFF contends that it should not be a party to this suit because the controversy, if any, is between Travelers, as the insurance carrier, and Dammann, as the insured. Thus, IFF filed a motion to dismiss Travelers' claim against it.

The motion was referred to the Honorable G. Donald Haneke, United States Magistrate Judge, pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(c)(2), such that he could prepare a recommendation for disposition of the matter. After Judge Haneke issued his Report and Recommendation ("Report"), in which he recommended that the complaint be dismissed as against IFF, Travelers submitted its opposition to the Report, objecting to nearly all of Judge Haneke's findings.

## II. FACTUAL BACKGROUND

The facts of this case have already been discussed in Judge Haneke's Report. As such, a complete reiteration is unnecessary. It need only be noted that upon discovering the contaminated vanilla beans, IFF sent a letter to Dammann characterized as a "formal claim . . .

for the full and immediate compensation . . . of $5,189,924." It is that letter which forms the basis for Travelers declaratory action, though IFF has not yet filed suit against Dammann.

In his Report, Judge Haneke determined that there is no actual controversy between Travelers and IFF and that IFF is not a necessary party to Traveler's claim against Dammann. Furthermore, Judge Haneke found that Travelers' attempt to join IFF in its request for declaratory judgment is contrary to the purposes of the Declaratory Judgment Act. Therefore, he recommended that IFF's motion be granted and Traveler's claim against IFF be dismissed.

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(c)(2), when a party objects to the Magistrate Judge's report, a District Judge must make a de novo determination of those portions of the report to which the party has objected. Travelers has objected to nearly all of Judge Haneke's report and thus each of his findings must be addressed. As matters outside the pleading will be considered, this motion will be treated as one for summary judgment.

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law, Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment, Id. In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is

to be believed, and all justifiable inferences are to be drawn in [that party's] favor,'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999), quoting, Anderson, 477 U.S. at 255.  But where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (U.S. 1986).

### IV.  DISCUSSION

Under the Declaratory Judgment Act, a party seeking declaratory judgment must demonstrate the existence of an actual case or controversy.  28 U.S.C. 2201(a); Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993).  "The question in each case is whether the facts alleged show that there is a substantial controversy, between parties having adverse legal interests, 'of sufficient immediacy and reality to justify judicial resolution.'" Peachlum v. York, Pa., 333 F.3d 429, 433 (3d Cir. 2003).  "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (U.S. 1941).

Courts have frequently found that in cases regarding liability insurance and a carrier's obligation to indemnify the insured, an actual controversy exists once the events underlying the insured's liability have occurred.  See e.g., Riehl v. Travelers Ins. Co., 772 F.2d 19, 23 (3d Cir. 1985); Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp. of America, 275 F.2d 485, 490 (3d Cir. 1958).  A party need not wait until an underlying suit has been filed before it seeks

declaratory relief.

In the present case, an actual controversy arises between Travelers and Dammann once underlying events have called into question Travelers's obligation to indemnify Dammann. Such events have already occurred as IFF not only received and is aware of the contaminated beans but also sent a letter to Dammann requesting payment for the damage incurred. Thus, there is no question that an actual controversy exists between Travelers and Dammann.

However, Judge Haneke determined that there is no controversy between IFF and Travelers because IFF is not insured by Travelers nor has it filed a claim against a party insured by Travelers. Thus, Judge Haneke concluded that there is no controversy of sufficient immediacy and reality to justify judicial resolution. Indeed, under New Jersey law, IFF is precluded from filing a claim against Travelers unless it first succeeds in a claim against Dammann and is thereafter unable to collect from Dammann. As such, Travelers's controversy with IFF is more tenuous than its controversy with Dammann as it depends on the possibility that IFF might, at some point in the future, file a claim against Travelers.

But courts have found that such circumstances constitute an actual controversy. In Pacific Coal, the court found that an actual controversy existed where an injured party filed suit against an insured party and the insured claimed that its insurance policy covered its liability. 312 U.S. at 274. In that case, much like the present case, the injured party would have been entitled to file a claim against the insurance company if the injured party was unable to collect on a judgment against the insured. Id. The court held that under those circumstances, the possibility that the injured party would later proceed against the carrier was sufficient to establish an actual controversy. Id. Thus, in the present case there exists an actual controversy between Travelers

and IFF.

Even if there was not a controversy between Travelers and IFF, Travelers would be entitled to implead IFF in an action against Dammann because IFF is a necessary party under Fed. R. Civ. P. 19(a).  Under that Rule, a party shall be joined if

> the [party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in the [party's] absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a)(ii).

Courts have frequently held that injured parties are necessary in declaratory judgment actions where questions of liability insurance coverage are litigated.  See e.g., Pacific Coal, 312 U.S. at 274 (reasoning that it is necessary to bind the injured party to the judgment rendered in the declaratory judgment action to prevent inconsistent rulings); Maryland Cas. Co. v. Consumers Finance Services, Inc., 101 F.2d 514, 515 (3d Cir. 1938); Flashner Medical Partnership v. Marketing Management, Inc., 189 Ill. App. 3d 45, 53 (Ill. App. Ct. 1989) (stating that "[w]here questions of liability insurance coverage are litigated, claimants against the insured are ordinarily necessary parties to the action").

In the present case, Travelers could be subject to inconsistent obligations if it was forced to proceed without IFF in the present action and is later forced to defend a claim brought by IFF in an attempt to recover a judgment that Dammann left unsatisfied.  Therefore, IFF is a necessary party to the present action.

Judge Haneke further agreed with IFF's contention that Travelers's claim against it contradicts the purpose of the Declaratory Judgment Act.  Both Judge Haneke and IFF cite to Sun Oil Co. v. Transcontinental Gas Pipeline Corp., 108 F. Supp. 280, 282 (E.D. Pa. 1952) for the

proposition that the Declaratory Judgment Act is not intended to allow prospective negligence action defendants to obtain a declaration of nonliability. While that statement appears to support IFF's position in this matter, it is revised by the court's very next sentence: "'Construction and interpretation of written instruments (including contracts, insurance policies . . . ) is the principle function of a declaratory judgment proceeding.'" Id. In light of this more accurate representation of the court's discussion of the Declaratory Judgment Act's purpose, Sun Oil does not support IFF's position in this matter.

In fact, Sun Oil is distinguishable because that case involved a tortfeasor that filed a declaratory judgment action because it knew it was about to be sued in another forum and was attempting to preempt the injured party. Unlike that case, the present action was filed by an insurance company that is asking the court to interpret two policies. As stated in Sun Oil, such an action is entirely appropriate under the Declaratory Judgment Act.

### V.  CONCLUSION

For the reasons set forth above, the court will not accept Judge Haneke's Report and IFF's motion for summary judgment will be denied. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        December 8, 2005